RONALD J. TENPAS
  Assistant Attorney General
  Environment and Natural Resources Division
  United States Department of Justice
  Washington D.C. 20530
ANN C. HURLEY
  Environmental Enforcement Section
  United States Department of Justice
  301 Howard Street, Suite 1050
  San Francisco, California 94105
  Telephone: (415) 744-6480; Facsimile: (415) 744-6476
  ann.hurley@usdoj.gov
JEFFREY S. BUCHOLTZ
  Acting Assistant Attorney General
R. MICHAEL UNDERHILL (State Bar No. 104986)
  Attorney in Charge, West Coast Office
  Torts Branch, Civil Division, U.S. Department of Justice
  7th Floor Federal Bldg., Room 7-5395, P.O. Box 36028
  450 Golden Gate Avenue, San Francisco, California 94102-3463
  Telephone: (415) 436-6648; Facsimile: (415) 436-6632
  mike.underhill@usdoj.gov

Attorneys for Plaintiff United States of America

(Additional Attorneys on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and the PEOPLE OF THE STATE OF CALIFORNIA, ex rel. the CALIFORNIA DEPARTMENT OF FISH AND GAME and the REGIONAL WATER QUALITY CONTROL BOARD FOR THE NORTH COAST REGION, <br><br>Plaintiffs, <br><br>vs. <br><br>KURE SHIPPING S.A. and PATT MANFIELD CO., LTD, <br><br>Defendants. | Civil No. <br><br>IN ADMIRALTY <br><br>**COMPLAINT** |

- United States, et al. v. Kure Shipping S.A., et al.          - 1 -          Complaint

EDMUND G. BROWN JR., Attorney General
 of the State of California
MARY HACKENBRACHT
 Senior Assistant Attorney General
ANITA E. RUUD (State Bar No. 72483)
 Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, California 94102-3664
 Telephone: (415) 703-5605
 Facsimile: (415) 703-5480

Attorneys for Plaintiff State of California

1        Plaintiff United States of America, on behalf of the U.S. Department of the Interior, U.S.
2  Fish and Wildlife Service ("DOI/USFWS"), the Department of Homeland Security ("DHS"), the
3  United States Coast Guard ("USCG"), and the USCG National Pollution Funds Center and Plaintiff
4  People of the State of California , *Ex Relatione* California Department of Fish and Game ("CDFG")
5  and the Regional Water Quality Control Board for the North Coast Region ("RWQCB"), allege,
6  upon information and belief, as follows:

## NATURE OF THE CLAIM

7
8        1.     This is a case of admiralty and maritime jurisdiction against defendants Kure
9  Shipping S.A. and Patt Manfield Co., Ltd., and includes causes of action for natural resource
10 damages and civil penalties arising from the oil spill occurring on or about November 5, 1997, in
11 and adjacent to Humboldt Bay near Eureka, California.

## JURISDICTION AND VENUE

13        2.     This Court has jurisdiction over the subject matter of this action pursuant to, *inter
14 alia*, 28 U.S.C. §§ 1331, 1245, 1355 & 1367, Sections 1002(a), (b)(1)(A) and (b)(2)(A), 1006, and
15 1017(b) of the Oil Pollution Act ("OPA"), 33 U.S.C. §§ 2702(a), (b)(1)(A), & (b)(2)(A), 2706,
16 2717(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1395(a), 33
17 U.S.C. § 2717(b), and 16 U.S.C. § 1540(a)(1), because Defendants did business in, and the Spill
18 occurred in, this judicial district. The Court has supplemental jurisdiction over the State's claims
19 pursuant to 28 U.S.C. § 1367(a) because the State's claims are so related to the United State's
20 claims that they form part of the same case or controversy. This Court also has jurisdiction over the
21 subject matter of the State's OPA claim under 33 U.S.C. § 2717(b).

## PARTIES

23        3.     Plaintiffs are the United States of America, acting on behalf of DOI/USFWS, DHS,
24 and USCG, and People of the State of California, *Ex Relatione* CDFG and RWQCB (referred to
25 herein as "State").
26        4.     Plaintiff RWQCB is the agency responsible for the water quality of the waters of
27 California, and responsible for the enforcement of the Porter-Cologne Water Pollution Control Act,
28

- United States, et al. v. Kure Shipping S.A., et al.            Complaint
                                    - 3 -

California Water Code sections 13000 *et seq*. The RWQCB seeks penalties for damage to the waters of California pursuant to California Water Code sections 13350, 13376, and 13385.

5. At all times material herein, Defendant Kure Shipping S.A. owned a vessel called the M/V Kure. At all times material herein, Defendant Patt Manfield Co. Ltd. operated the M/V Kure.

## GENERAL ALLEGATIONS

6. On or about November 5, 1997, the M/V Kure struck the Louisiana Pacific Export Dock in Samoa, California, puncturing a fuel tank and resulting in the discharge of approximately 4,500 gallons of Intermediate Fuel Oil into Humboldt Bay (hereinafter, the "Spill). The oil from the Spill spread inside the bay and a portion of it reached the open ocean, and came ashore at various locations. Oil product, including tarballs, was observed as far as 17.5 miles north of the mouth of Humboldt Bay. As a result of the Spill, the United States and CDFG responded and incurred pollution removal costs and other damages.

7. The oil from the Spill caused injuries to natural resources at sea and along the shore, including injuries to birds, fish and their habitats, and also had an impact upon recreational uses of the resources. The Trustees for the natural resources injured by the Spill include DOI/USFWS and CDFG. DOI/USFWS is a designated Trustee pursuant to subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP"), 40 C.F.R. §§ 300.600 *et seq.*, and Executive Order 12580, 3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777, 56 Fed. Reg. 54757 (October 19, 1991). The CDFG is a designated Trustee pursuant to Section 1006 (b) (3) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2706 and subpart G of the NCP. Additionally, the CDFG has natural resource trustee authority pursuant to Fish and Game Code. §§ 711.7 and 1802, and the Lempert-Keene-Seastrand Oil Spill Prevention and Response Act (Government Code §§ 8670.1 *et seq*.).

## FIRST CAUSE OF ACTION
### (Damages under OPA – 33 U.S.C. § 2702)

8. Plaintiffs refer to and incorporate by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

9. The waters of Humboldt Bay and the adjoining Pacific Ocean are "navigable waters of the United States," as defined in section 1001(e) of OPA, 33 U.S.C. § 2701(21).

10. "Oil" as defined in section 1001(23) of OPA, 33 U.S.C. § 2701(23) was discharged from M/V Kure into Humboldt Bay and the adjoining Pacific Ocean.

11. Pursuant to section 1006(b) of OPA, 33 U.S.C. § 2706(b), the state and federal governments designate officials to act as trustees for natural resources.

12. "Natural resources," as that term is defined in section 1001(20 of OPA, 33 U.S.C. § 2701(20), held in trust by the state and federal trustees, have been injured, destroyed, or lost as the result of the discharge of oil from the M/V Kure into navigable waters, within the meaning of 33 U.S.C. § 2702(b)(2).

13. Under section 1002 of OPA, 33 U.S.C. § 2702, Defendants Kure Shipping S.A. and Patt Manfield Co., Ltd. (hereinafter referred to collectively as "Kure") are responsible for a vessel from which oil was discharged into navigable waters or adjoining shorelines and are strictly liable for damages caused thereby, including but not limited to damages for injury to, destruction of, loss of, or loss of use of natural resources.

## SECOND CAUSE OF ACTION
### (Damages Under Lempert-Keene-Seastrand Oil Spill Prevention and Response Act – Government Code Section 8670.56.5(h))

14. Plaintiff CDFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this amended complaint.

15. The waters of the Pacific Ocean are "marine waters," as defined in Government Code section 8670.3(i).

16. The petroleum discharged into the Pacific Ocean by the M/V Kure was "oil" as defined in Government Code section 8670.3(n).

17. The unauthorized spill or discharge from the M/V Kure, releasing approximately 4,500 gallons of oil into the Pacific Ocean, constitutes a "spill" or "discharge" of oil as these terms are defined in Government Code section 8670.3(aa).

18. The M/V Kure is a "vessel" as defined in Government Code section 8670.3(gg).

19. The Defendants are each a "responsible party" as defined in Government Code section 8670.3(w).

20. The spill or discharge from the M/V Kure into the Pacific Ocean near Humboldt Bay, California, constitutes a "discharge of oil into or onto marine waters" as those terms are defined in California Government Code section 8670.3(I), (n) and (aa).

21. The CDFG has incurred costs and damages, including damages for injuries to the natural resources under its trusteeship, as a result of the discharge or leaking of oil into or onto marine waters.

22. Defendants are absolutely liable under Government Code section 8670.56.5 without regard to fault for all damages resulting from the discharge of oil from the M/V Kure, including but not limited to: damages for injury to, destruction of, loss of, or loss of use and enjoyment of natural resources; injury to real or personal property; loss of taxes; response costs and costs of assessing natural resource damages; and for attorneys fees, costs of suit and expert witnesses.

### THIRD CAUSE OF ACTION
(Damages under California Fish and Game Code section 2014)

23. Plaintiff CDFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this amended complaint.

24. Plaintiff CDFG is informed and believes and based upon such information and belief alleges that the petroleum discharge by Defendants and each of them has caused and will continue

to cause the taking and destruction of birds, mammals, fish, reptiles, or amphibian protected by the laws of the state of California, within the meaning of Fish and Game Code section 2014.

25. Defendants' discharge of petroleum is unlawful in that:

a. The petroleum is a waste which was discharged into the waters of the state and created a condition of pollution or nuisance in violation of Water Code section 13350(a)(3).

b. The petroleum is a substance or material deleterious to fish, plant life, or bird life and was deposited in, permitted to pass into, or place where it could pass into a water of the state, a violation of Fish and Game Code section 5650.

c. By virtue of the acts alleged above, Plaintiff State is informed and believes and based upon such information and belief alleges that Defendants and each of them unlawfully and negligently discharged petroleum which proximately caused, and will continue to cause, the taking or destruction of birds, mammals, fish, reptiles, or amphibian protected by the laws of the State of California.

d. Defendants and each of them are jointly and severally liable under Fish and Game Code § 2014 for all detriment proximately caused by the taking or destruction of birds, mammals, fish, reptiles, or amphibian protected by the laws of the State of California.

## FOURTH CAUSE OF ACTION
### (Damages Under California Fish and Game Code Section 12016)

26. Plaintiff CDFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

27. By virtue of the acts alleged above, Defendants and each of them discharged or deposited petroleum into the waters of the state.

28. Petroleum is a substance or material deleterious to fish, plant, bird, or animal life or their habitat within the meaning of Fish and Game Code section 12016(a).

29. Plaintiff CDFG is informed and believes and based upon such information and belief alleges that the petroleum for which Defendants and each of them is responsible has caused damage to fish, plant, bird, or animal like and their habitat.

30. Defendants and each of them are liable under Fish and Game Code section 12016 to the CDFG for all actual damages to fish, plant, bird, or animal life and/or their habitat.

31. Defendants and each of them are liable under Fish and Game Code section 12016 to the CDFG for all reasonable costs incurred in cleaning up the petroleum or abating its effects.

### FIFTH CAUSE OF ACTION
### (Damages Under California Fish and Game Code 5655)

32. Plaintiff CDFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

33. By virtue of the acts alleged above, Defendants and each of them discharged or deposited petroleum into the waters of the state.

34. Pursuant to California Fish and Game Code section 5655, the CDFC may clean up or abate or cause to be cleaned up or abated, the effects of any petroleum or petroleum product deposited or discharged in the waters of this state or order any person responsible for the deposit or discharge to clean up the petroleum or petroleum product or abate the effects of the deposit or discharge, and recover any costs incurred as a result of the cleanup or abatement from the responsible party.

35. Plaintiff CDFG has incurred costs associated with the cleanup or abatement of the petroleum discharged from the M/V Kure.

36. Defendants and each of them are liable under Fish and Game Code section 5655 to the CDFG for all reasonable costs incurred in cleaning up the petroleum or abating its effects.

### SIXTH CAUSE OF ACTION
### (State Penalties under Government Code Section 8670.66(a)(3))

37. Plaintiff CDFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this Complaint.

38. By virtue of the acts alleged above, Kure acted intentionally or negligently and those intentional or negligent acts resulted in the unauthorized discharge of oil into marine waters.

39. Kure is liable for penalties of not less than $25,000 or more than $500,000 for each negligent or intentional discharge into marine waters, pursuant to Government Code Section 8670.66(a)(3).

### SEVENTH CAUSE OF ACTION
### (State Penalties under California Fish and Game Code Section 5650.1)

40. Plaintiff CDFG refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

41. Fish and Game Code section 5650 prohibits the deposit or placement of any petroleum or any petroleum product where it can pass into waters of the State.

42. Kure, through the rupture in the fuel tank of the M/V Kure, caused approximately 4,500 gallons of petroleum to be deposited and placed where it can pass into the waters of the State.

43. Pursuant to California Fish and Game Code section 5650.1, Kure is liable for penalties of up to $25,000 for each act of depositing or placing petroleum or petroleum products where it can pass into waters of the State.

### EIGHTH CAUSE OF ACTION
### (State Penalties under California Water Code Section 13385)

- United States, et al. v. Kure Shipping S.A., et al.                  Complaint
- 9 -

44. Plaintiff RWQCB refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint.

45. California Water Code section 13376 prohibits the discharge of any pollutant without a state permit in or on any waters of the state.

46. Defendants caused such a discharge into and on state waters with the Spill in violation of Water Code section 13376.

47. California Water Code section 13385 provides for civil penalties for violations of Water Code section 13376. Defendants are liable for civil penalties for such discharges pursuant to Water Code section 13385.

### NINETH CAUSE OF ACTION
(State Penalties under California Water Code Section 13350)

48. Plaintiff RWQCB refers to and incorporates by reference as though fully set forth herein each and every foregoing paragraph of this complaint

49. California Water Code section 13350(a)(3) prohibits the discharge of any oil or any residuary product of petroleum in or on any waters of the state, except in accordance with waste discharge requirements.

50. Defendants caused such a discharge into and on the waters of the state with the Spill in violation of Water Code section 13350(a)(3).

51. California Water Code section 13359(d) provides for civil penalties for violations of Water Code section 13350. Defendants are liable for civil penalties for such discharges pursuant to Water Code section 13350.

# PRAYER FOR RELIEF

WHEREFORE, The United States of America and the People of the state of California, *ex rel.* the California Department of Fish and Game, the California State Lands Commission, and the Regional Water Quality Control Board for the North Coast Region pray as follows:

1. That Plaintiffs be granted judgment against the foregoing defendants, jointly and severally, pursuant to the complaint of plaintiffs herein; and

2. For such other relief as the Court deems just and proper.

Respectfully submitted,

For Plaintiff United States of America

/s/ Ronald J. Tenpas

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


/s/ Ann C. Hurley

ANN C. HURLEY
Trial Attorney
Environmental Enforcement Section
United States Department of Justice


JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division


R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
Torts Branch, Civil Division
United States Department of Justice

- United States, et al. v. Kure Shipping S.A., et al.                     Complaint
- 11 -

# PRAYER FOR RELIEF

WHEREFORE, The United States of America and the People of the state of California, *ex rel.* the California Department of Fish and Game, the California State Lands Commission, and the Regional Water Quality Control Board for the North Coast Region pray as follows:

1. That Plaintiffs be granted judgment against the foregoing defendants, jointly and severally, pursuant to the complaint of plaintiffs herein; and

2. For such other relief as the Court deems just and proper.

Respectfully submitted,

For Plaintiff United States of America

_____
RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

_____
ANN C. HURLEY
Trial Attorney
Environmental Enforcement Section
United States Department of Justice

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

/s/ R. Michael Underhill
_____
R. MICHAEL UNDERHILL
Attorney in Charge
West Coast Office
Torts Branch, Civil Division
United States Department of Justice

For Plaintiff the State of California

EDMUND G. BROWN JR., Attorney General
of the State of California
MARY HACKENBRACHT
Senior Assistant Attorney General


_/s/ Anita E. Ruud_
ANITA E. RUUD
Deputy Attorney General